**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Burlington Northern and Santa Fe Railway Company, <br><br> Plaintiff, <br><br> v. <br><br> Charles Vaughn, et al., <br><br> Defendants. | No. CV-04-2227-PCT-SMM <br><br> **CONSENT DECREE** |

Pursuant to the parties' Joint Motion for Entry of Consent Decree (Dkt. 42), filed July 31, 2008, and the Final Settlement Agreement and Release ("Agreement"), and good cause appearing therefore, the Court hereby enters this Consent Decree. The Agreement is attached hereto and expressly incorporated herein and made a part of this Consent Decree. This Court shall retain continuing jurisdiction of this case for the purposes of implementing and enforcing the terms of the Consent Decree and the Agreement.

1. This action was filed by The Burlington Northern and Santa Fe Railway Company (now known as BNSF Railway Company ("BNSF")) on October 19, 2004. The defendants were two officials of the Hualapai Indian Tribe (the "Tribe"). BNSF operates trains through the Hualapai Reservation on a federally granted right of way. The complaint sought declaratory and injunctive relief to prevent the Tribe from enforcing its Possessory Interest Tax against BNSF.

2.     The Court denied a motion to dismiss filed by the defendants on July 21, 2005 and the defendants appealed that Order.  The parties participated in mediation supervised by the Ninth Circuit Mediation Office, but did not reach agreement.  The appeal was argued before a panel of the Ninth Circuit on October 16, 2007.  On December 7, 2007, the United States Court of Appeals for the Ninth Circuit ordered dismissal of defendant Charles Vaughn, but affirmed the Court's ruling that tribal sovereign immunity does not bar suit against defendant Wanda Easter.  After further negotiations in this Court, BNSF, Wanda Easter (in her official capacity), and the Tribe entered into the attached Agreement.  On July 31, 2008, the Tribe moved to intervene in this proceeding for the limited purposes of entry and enforcement of the Consent Decree.  On the same date, the parties and the Tribe jointly moved for approval of the Consent Decree and incorporated Agreement.

3.     The Agreement resolves claims between the parties for a 25-year period from 2002 through 2026.  BNSF is required to make a lump sum payment in 2008, covering years 2002-2008, and an additional payment in a different amount in each year thereafter.  The payments being made now and in the future by BNSF are made in lieu of the Tribe's Possessory Interest Tax and in reliance upon the representation and agreement by the Tribe that it will not impose the Possessory Interest Tax or any new, amended, or different tax, fees, assessments, or other general payment obligations, no matter how denominated, on BNSF, its operations, or property, for the duration of the Agreement.

4.     In entering into the Agreement and this Consent Decree, the parties have expressly and specifically considered the possibility that there could be changes between now and 2026 in the law governing taxation by Indian Tribes, the nature of BNSF's operations, property, facilities or cargo, the economic circumstances applicable to the parties, and various other circumstances deemed relevant by the parties.  Nevertheless, despite any such changes, the parties have agreed to be bound by the terms of this Consent Decree and the Agreement through December 31, 2026.

//

**THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

5. The Tribe's motion to intervene in this action is granted. (<u>See</u> Dkt. 44.)

6. The obligations of the parties shall be as specified in the Agreement.

7. This Court shall retain jurisdiction of this action to enforce the terms of the Agreement. Consistent with Article XVI of the Hualapai Constitution, the Tribe expressly waives its sovereign immunity for the purposes of enforcement of the Agreement and this Consent Decree.

8. In the event of any dispute arising under the Agreement, neither party will take any action without first initiating mandatory mediation. Either party may initiate the mediation process through a written request to the other. BNSF and the Tribe will seek to agree on a mediator within 60 days. If they cannot do so, one or both may apply to this Court and this Court will appoint a mediator. If the mediation is not successful within 90 days after agreement on or appointment of a mediator, either party may seek to enforce the terms of the Consent Decree and Agreement in this Court.

9. This Consent Decree shall be binding upon the parties hereto and their respective successors and assigns, if any.

10. Chairman Charles Vaughn is dismissed from this lawsuit.

DATED this 7th day of August, 2008.

_____
Stephen M. McNamee
United States District Judge